## PICKLE et al. v. HORN et al.
### No. 2830.

Court of Civil Appeals of Texas. Beaumont.
Nov. 14, 1935.

Garland Smith, of Jasper, for appellants.

Glenn Faver, of Jasper, for appellees.

O'QUINN, Justice.

Some time prior to January 20, 1915, O. G. Horn, Sr., and his wife resided in Jasper county, Tex. They died intestate leaving several children and an estate including a tract of land. The children were all of age. Partition proceedings were had, and on said date, January 20, 1915, judgment was entered in the district court of said county partitioning the estate. In this judgment Julia Horn, an unmarried daughter, received 40 acres of land, her portion of the homestead, which included the old home buildings. O. G. Horn, appellee, a brother of Julia, received 40 acres adjoining her 40 acres. He had his home on the 40 acres allotted to him, and it was situated very near her residence, the old home. Julia Horn died February 6, 1919, intestate, and never having married.

This suit was filed in the district court of Jasper county on June 12, 1934, by appellants, T. A. Pickle and her husband, against appellees for a partition of the said 40 acres of land, alleging that they were joint owners with appellees, and that the parties were the sole owners in fee simple of the land.

Defendant O. G. Horn, appellee herein, answered by general demurrer, general denial, and by cross-action asserting title to the land, alleging that his sister, Julia Horn, deceased, about two years before her death by parol gave the land to him for and in consideration of his providing a home for and caring for her during her life; that he accepted said gift of the land, took possession of same, and made valuable and permanent improvements thereon on the faith of said gift and his undertaking

to care for and maintain his said sister; that he accordingly provided a home for his said sister, cared for her, and looked after her and her business affairs; that he cared for her when she was sick, paid her drug bills and doctor bills, and funeral expenses; that he paid the taxes on the land, kept up the premises, made improvements thereon, and exercised all the rights of ownership over same for and during the time from the date she gave him the land until her death; and that all of this was done and performed by reason of and in pursuance of the gift to him of the land by his said sister. He further alleged that when the original partition of the land was had that his said sister instructed the commissioners and surveyor who were conducting the partition to cut off her 40 acres in connection with and adjoining his 40 acres, for the reason that she had given her 40 acres to him, O. G. Horn, which was accordingly done, and her 40 acres was not separated from his 40 acres as per her instructions.

Plaintiffs, appellants, filed answer to the cross-action consisting of a general demurrer and general denial.

The cause was tried to the court without a jury, and judgment rendered for appellees. The case is before us on appeal.

Appellants present three assignments of error which in effect urge the same proposition: That appellee's pleading in his cross-action was insufficient to support the judgment in that he did not allege in relation to the parol gift to him of the land (a) that he paid the alleged consideration for the parol gift of the land; (b) that he took possession of the land by virtue of the gift; and (c) that he made valuable and permanent improvements upon the land during the lifetime of the donor or vendor with the knowledge and consent of the vendor.

There was no special exceptions to the sufficiency of appellee's pleading of the parol gift of the land, nor as to the matters complained in the assignments of error. We think the pleading was sufficient to admit proof of the matters complained.

The court in his judgment found that Julia Horn made a gift of the land in controversy to her brother, O. G. Horn, appellee, and that he took possession of the land under the gift and made valuable and permanent improvements thereon. All these issues were questions of fact, and there is evidence in the record supporting these findings by the court; therefore, the judgment must be affirmed, and it is so ordered.

Affirmed.